HENRY, Chief Judge,
dissenting:
Unlike the majority, I am not sure that the Kansas Supreme Court would decline to apply the continuing tort doctrine. I agree that that court has declined to recognize the doctrine in some contexts. However, it seems to me that the cases cited by the majority do not involve the kind of claims advanced by Northern here, which allege acts of conversion and unjust enrichment within the two and three-year periods immediately prior to the filing of this lawsuit.
In analogous circumstances, courts of other states have held that a plaintiff may recover for tortious acts within the limitations period, even if the defendant committed other similar acts outside that period. See, e.g., Narragansett Elec. Co. v. Carbone, 898 A.2d 87, 101 (R.I.2006) (allowing a plaintiff to recover on conversion and unjust enrichment claims concerning electricity wrongfully obtained during the limitations period, even though it was before the limitations period that the defendants had installed an illegal bypass switch to avoid billing); Young v. Young, 709 P.2d 1254, 1259 (Wyo.1985) (allowing the plaintiff to recover for royalty payments wrongfully withheld during the limitations period and reasoning that “conversion is a tortious act[,]” “[the defendant’s] failure to remit to [the plaintiff] her royalty share as received was a recurring tort of a sort which involved separate and successive injuries from separate and successive acts[,]” and that “[the defendant’s conduct] is an exemplification of periodic recurring wrongful acts — a series of tortious acts, each of which could be the basis for a separate claim, not continuing damage from an original tort”).
The rationale of these decisions is that “a wrongdoer cannot and should not gain a prescriptive right to continue wrongful and injurious acts. While [the defendant] has had the benefit of the statute of limitations for an extended period and its useful purposes preserved, no permanent right is bestowed to continue such wrongful acts during the limitations period immediately preceding the commencement of [the plaintiffs] action.” Young, 709 P.2d at 1259. Notably, as Northern observes, the federal district court appears to have applied this principle in the similar case that Northern filed against Trans Pacific Oil Corporation, allowing Northern to seek damages arising out of the production of *634 gas for the two and three-year periods immediately preceding the filing of the complaint. See Aplt’s Br. at 29 (quoting the jury instructions in Northern Natural Gas Co. v. Trans Pacific Oil Corp., 10th Cir. case no. 05-3411).
Given the plausible arguments that can be made in support of this view, and the fact that the Kansas Supreme Court has not definitely resolved this question in these circumstances, I would certify this question of state law to the Kansas Supreme Court.